IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABEL MOCTEZUMA,

    Plaintiff,

    v.                                                          CASE NO. 17-3043-SAC-DJW

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Abel Moctezuma is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

This matter is a *Bivens*-type[1] civil rights action filed *pro se* by a prisoner currently incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff's Complaint is based on actions occurring while he was housed at FCI–Tallahassee. Plaintiff alleges that on March 5, 2012, while housed at FCI–Tallahassee, the SWAT team informed Plaintiff that he had to move to a cell with a member of a rival gang. Plaintiff was attacked after moving into the cell and a fight ensued. The SWAT team ran back into the cell and broke up the fight using excessive force. Plaintiff was placed in a monitoring cell and then in Administrative Segregation until his release on February 27, 2013. During this time, Plaintiff was denied medical treatment for his mental health and the back injury he sustained as a result of the use of excessive force. Plaintiff claims defendants failed to protect him, used excessive force, and were indifferent to his

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

serious medical needs. Plaintiff names as defendants the Federal Bureau of Prisons, FNU LNU Warden at FCI–Tallahasee, and (fnu) White, Lieutenant at FCI–Tallahassee.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

## III. DISCUSSION

Plaintiff previously initiated an action in the Northern District of Florida, *Moctezuma v. Tallahassee FCI*, Case No. 4:17-cv-14-MW-GRJ. In that case, Plaintiff alleged that the same March 5, 2012 incident involved excessive force. The court summarily dismissed that case as frivolous, finding that it was barred by the statute of limitations. *See Moctezuma v. Tallahassee*

*FCI*, Case No. 14:17cv14–MW/GRJ, 2017 WL 379456 (N.D. Fla. Jan. 24, 2017) (adopting Report and Recommendation at ECF No. 7).

Plaintiff filed the instant action in this Court based on the same facts, presumably because he is currently incarcerated at USPL. This is action is likewise subject to dismissal based on a lack of personal jurisdiction and as barred by the statute of limitation.

Subject-matter jurisdiction over an Eighth Amendment claim is available under *Bivens* and 28 U.S.C. § 1331. *See Patel v. U.S.*, 399 F. App'x 355, 358 (10th Cir. 2010). However, *Bivens* claims cannot be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. U.S.*, 561 F.3d at 1099 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (federal agencies, officials in their official capacities), *F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86" (1994)(federal agencies)). Instead, a "*Bivens* claim can be brought only against federal officials in their individual capacities." *Id*. As a result, Plaintiff's *Bivens* claims are subject to dismissal as against all defendants except for those involving individual federal employees acting in their individual capacities. *Id.*

In addition to subject matter jurisdiction, the court must have authority or "personal jurisdiction" over the parties "so that the court's decision will bind them." *Hill v. Pugh*, 75 F. App'x 715, 718 (10th Cir. 2003). Due process requires "that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Garrett v. Klingner*, 12 F. App'x 842, 844 (10th Cir. 2001) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) ("The Due Process Clause protects an individual's liberty interest in not being subject to

the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'") (quoting *Int'l Shoe*, 326 U.S. at 319)). A court may "assert specific jurisdiction over an out-of-state defendant . . . if the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* at 472 (citations omitted). In addition, venue in a *Bivens* action is determined pursuant to 28 U.S.C. § 1391(b). *Stafford v. Briggs*, 444 U.S. 527 (1980). Under Section 1391(b), suits against private persons for money damages must be brought in the judicial district where all defendants reside, or in which the claim arose.

Plaintiff provides no basis in his Complaint for the Court to conclude that the Court has personal jurisdiction over the individual defendants who worked at FCI–Tallahassee. There are no grounds to support a finding that these defendants have the minimum contacts with Kansas to subject them to a lawsuit in this jurisdiction. Plaintiff's *Bivens* claims are subject to dismissal against defendants White and the warden at FCI–Tallahassee for lack of personal jurisdiction.

Plaintiff's claims based on the March 5, 2012 incident are also subject to dismissal as barred by the applicable statute of limitations. *See Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (finding that the statute of limitations for a personal injury claim in Kansas is two years and applies to a *Bivens* claim); *see Moctezuma*, 2017 WL 379456. Plaintiff did not file the instant case until March 15, 2017. It is clear from the face of the Complaint that the limitations period expired on Plaintiff's claims. *See Glaser v. City and Cnty of Denver, Colo.*, 557 F. App'x 689, 698–99 (10th Cir. 2014).

**IV. Response Required**

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint (Doc. 1) should

not be dismissed for the reasons stated herein. The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 11, 2017**, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 11th day of July, 2017.**

<u>s/ David J. Waxse</u>
**David J. Waxse**
**U. S. Magistrate Judge**