IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABEL MOCTEZUMA,

    Plaintiff,

    v.                                          CASE NO. 17-3043-SAC-DJW

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is a *Bivens*-type[1] civil rights action filed *pro se* by a prisoner currently incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff's Complaint is based on actions occurring while he was housed at FCI–Tallahassee. Plaintiff alleges that on March 5, 2012, while housed at FCI–Tallahassee, the SWAT team informed Plaintiff that he had to move to a cell with a member of a rival gang. Plaintiff was attacked after moving into the cell and a fight ensued. The SWAT team ran back into the cell and broke up the fight using excessive force. Plaintiff was placed in a monitoring cell and then in Administrative Segregation until his release on February 27, 2013. During this time, Plaintiff was denied medical treatment for his mental health and the back injury he sustained as a result of the use of excessive force. Plaintiff claims defendants failed to protect him, used excessive force, and were indifferent to his serious medical needs. Plaintiff names as defendants the Federal Bureau of Prisons, FNU LNU Warden at FCI–Tallahasee, and (fnu) White, Lieutenant at FCI–Tallahassee.

On July 11, 2017, Magistrate Judge Waxse entered a Notice and Order to Show Cause (Doc. 6) ("NOSC"), ordering Plaintiff to show cause why this matter should not be dismissed

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

due to the deficiencies set forth in the NOSC. The NOSC found that this action is subject to dismissal based on a lack of personal jurisdiction and as barred by the statute of limitation.

The NOSC found that Plaintiff failed to provide a basis in his Complaint for the Court to conclude that the Court has personal jurisdiction over the individual defendants who worked at FCI–Tallahassee; there are no grounds to support a finding that these defendants have the minimum contacts with Kansas to subject them to a lawsuit in this jurisdiction; and that Plaintiff's *Bivens* claims are subject to dismissal against defendants White and the warden at FCI–Tallahassee for lack of personal jurisdiction. In addition, *Bivens* claims cannot be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (federal agencies, officials in their official capacities), *F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86" (1994) (federal agencies)).

The NOSC found that Plaintiff's claims based on the March 5, 2012 incident are also subject to dismissal as barred by the applicable statute of limitations. *See Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (finding that the statute of limitations for a personal injury claim in Kansas is two years and applies to a *Bivens* claim); *see Moctezuma v. Tallahassee FCI*, Case No. 14:17cv14–MW/GRJ, 2017 WL 379456 (N.D. Fla. Jan. 24, 2017). Plaintiff did not file the instant case until March 15, 2017; and it is clear from the face of the Complaint that the limitations period expired on Plaintiff's claims. *See Glaser v. City and Cnty of Denver, Colo.*, 557 F. App'x 689, 698–99 (10th Cir. 2014).

The NOSC ordered Plaintiff to respond by August 11, 2017. Plaintiff has failed to file a response. The Court finds that this matter must be dismissed due to all the deficiencies set forth in the NOSC. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed**.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 15th day of August, 2017.**


<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**